David A. Bahr (D.D.C. Bar #OR0001)
Bahr Law Offices, P.C.
1035 1/2 Monroe Street
Eugene, Oregon 97402
Telephone:  (541) 556-6439
Email:  davebahr@mindspring.com

Paul A. Kampmeier (Washington State Bar Association #31560)
   *Pro hac vice application forthcoming*
Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104-2245
Telephone:  (206) 223-4088 x 4
Email:  paul@kampmeierknutsen.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **NORTHWEST ENVIRONMENTAL ADVOCATES**, an Oregon non-profit corporation, P.O. Box 12187, Portland, OR  97212-0187, | Case No. 17-403 |
| Plaintiff, | COMPLAINT |
| v. | |
| **UNITED STATES NATURAL RESOURCES CONSERVATION SERVICE**, an agency of the United States of America, USDA, NRCS, Office of the Chief 1400 Independence Ave., SW, Room 5105-A, Washington D.C. 20250 | |
| Defendant. | |

## INTRODUCTION

1.      This is an action against the U.S. Natural Resources Conservation Service

("NRCS") for violations of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or "Act").

Under the judicial review provisions of both the FOIA and the Administrative Procedure Act

("APA"), 5 U.S.C. §§ 701-706, Plaintiff Northwest Environmental Advocates ("Advocates")

seeks relief regarding a FOIA request it submitted on July 1, 2014.

　　　　2.　　　　The purpose of the FOIA is "to establish a general philosophy of full agency

disclosure unless information is exempted under clearly delineated statutory language."  S.Rep.

No. 813, 89th Cong., 1st Sess., 3 (1965).  The FOIA therefore requires federal agencies to

disclose records in a timely manner to any person upon request unless the information falls

within one of nine narrow disclosure exemptions listed in the Act.  *See* 5 U.S.C. § 552(a)(3)(A),

(b).  Except in unusual circumstances, federal agencies generally must determine within twenty

business days whether requested records are exempt from withholding and, if they are not, the

agency must "promptly disclose" the records to the requester.  5 U.S.C. § 552(a)(6)(A)(i); *id.* at §

(a)(3)(A), (a)(6)(C)(i).

　　　　3.　　　　On July 1, 2014, Advocates submitted a FOIA request to the U.S. Department of

Agriculture ("USDA") seeking documents and information relating to potential and actual

contracting, including the use of grants, with The Freshwater Trust and the Willamette

Partnership.  USDA forwarded Advocates' FOIA request to a number of component agencies

within USDA for processing, including NRCS.  Although more than two and a half years has

passed since Advocates' 2014 request, as of the date this action was filed NRCS had: (1) failed

to make and communicate the disclosure determinations required by the FOIA; (2) failed to

provide Advocates with a written notification of the unusual circumstances that would justify an

extension of any applicable deadlines; (3) failed to act within applicable deadlines; (4) failed to

promptly disclose all the public documents it has that are responsive to Advocates' requests; and

(5) failed to provide Advocates with an estimated date by which it would complete the FOIA

request.  NRCS is unlawfully withholding public disclosure of information sought by Advocates,

information to which Advocates is entitled and for which no valid disclosure exemption applies.

4.      Advocates is filing this lawsuit because, in both 2014 and 2015, NRCS told Advocates it was working on its response but then failed to disclose all responsive records despite having ample time to do so.  Additionally, NRCS has repeatedly ignored Advocates' requests to provide it with an estimated completion date.  NRCS's failure to comply with the FOIA prejudices Advocates' ability to conduct its work and its ability to monitor the agency.

5.      Advocates therefore seeks a declaration that NRCS has violated the FOIA and an order of the court compelling NRCS to make the required exemption determinations and disclosures by a date certain.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA), 28 U.S.C. § 1331 (federal question), § 2201 (declaratory judgment), and § 2202 (further relief).

7.      Venue is properly vested in this Court under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8.      Plaintiff NORTHWEST ENVIRONMENTAL ADVOCATES is a non-profit entity organized under section 501(c)(3) of the Internal Revenue Code, with its principal place of business in Portland, Oregon.  Founded in 1969, Advocates has actively worked for over twenty-five years to protect and restore water quality and fish habitat in the Northwest.  Advocates employs community organizing, strategic partnerships, public records requests, information sharing, advocacy with administrative agencies, lobbying, and litigation to ensure better implementation and enforcement of the laws that preserve the natural environment and protect water quality.  Advocates also provides advice and information to many environmental organizations across the country.  It has repeatedly proven itself a leader in protecting water quality and endangered aquatic species, and actively participates in many state and federal

agency actions that affect water quality here in the Northwest and across the nation.  The records

sought in this action are requested in support of these efforts.  Advocates and its members also

derive benefits from agencies' compliance with the FOIA and from its receipt of public records.

9.     The above-described interests of Advocates and its members have been, are

being, and, unless the relief prayed for herein is granted, will continue to be adversely affected

by Defendant's disregard of its statutory duties under the FOIA and by the unlawful harm that

results.  Defendant's failure to fully implement the FOIA injures the interests of Advocates and

its members and the relief requested in this lawsuit can redress these injuries.

10.     Defendant United States Natural Resources Conservation Service is an

administrative component of the United States Department of Agriculture.  It is an agency of the

executive branch of the United States government subject to the FOIA, pursuant to 5 U.S.C. §

552(f), and to the judicial review provisions of the Administrative Procedure Act, 5 U.S. C. §§

701-702.  NRCS is in possession or control of public records requested and sought by

Advocates.

## STATUTORY BACKGROUND

11.     The FOIA imposes strict and rigorous deadlines on federal agencies.  The FOIA

requires a federal agency that receives a FOIA request to determine whether the requested

records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that

determination to the requester within twenty business days.  5 U.S.C. § 552(a)(6)(A)(i).  If the

agency determines the requested records are exempt from public disclosure, the agency must also

communicate to the requester that they have a right to appeal that determination.  *Id.*  If the

agency determines the records are not exempt from public disclosure, the agency is required to

make the requested records "promptly available" to the requester.  5 U.S.C. § 552(a)(3)(A),

(a)(6)(C)(i).

12.     Congress set forth the circumstances in which federal agencies may obtain more

time to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i).  In two very limited

circumstances an agency may toll the twenty-day deadline for making that determination.  5

U.S.C. § 552(a)(6)(A)(ii).  Additionally, an agency may extend the twenty-day deadline for

making that determination by providing a written notice to the requester that sets forth the

"unusual circumstances" that justify the deadline extension and the date on which the agency

expects to make the determination.  5 U.S.C. § 552(a)(6)(B)(ii).  The statute includes a specific

definition of the term "unusual circumstances."  5 U.S.C. § 552(a)(6)(B)(iii).  When the agency

notifies a requester of unusual circumstances and the need for additional time, the agency's

written notification "shall provide the person an opportunity to limit the scope of the request so

that it may be processed within that time limit or an opportunity to arrange with the agency an

alternative time frame for processing the request or a modified request."  5 U.S.C. §

552(a)(6)(B)(ii).

13.     Unless an agency subject to the FOIA establishes a different timeline for

disclosing responsive records by providing sufficient written notice of unusual circumstances,

the FOIA's mandate to make public records "promptly available" to a requester requires federal

agencies to provide responsive records to a requester within or shortly after the twenty-day

timeframe set forth in 5 U.S.C. § 552(a)(6)(A)(i).

14.     If the agency fails to meet the disclosure deadlines established by the FOIA,

including the deadline to determine within twenty days whether to respond to the request, the

agency may not charge the requester for the costs incurred in searching for or duplicating the

requested documents unless unusual or exceptional circumstances apply.  5 U.S.C. § 552(a)(4)(A)(viii).

15.     The FOIA also requires an agency that receives a FOIA request to forward the request to another component of the agency if that other component controls the requested records.  5 U.S.C. § 552(a)(6)(A)(ii).

16.     A U.S. District Court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  If the government can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records.  5 U.S.C. § 552(a)(6)(C)(i).  Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA requests, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests.  5 U.S.C. § 552(a)(6)(C)(ii).  Refusal by a person to reasonably modify the scope of a request, or arrange an alternative time frame for processing a request after being given an opportunity to do so by the agency, shall be considered as a factor in determining whether exceptional circumstances exist. 5 U.S.C. § 552(a)(6)(C)(iii).

17.     Agency action under the FOIA is also subject to judicial review under the APA. *Oregon Natural Desert Ass'n. v. Gutierrez*, 409 F.Supp.2d 1237, 1248 (D.Or. 2006) (violation of the FOIA's decision deadline constitutes agency action that is not in accordance with the law), *affirmed in part, reversed on other grounds*, *Oregon Natural Desert Ass'n v. Locke*, 572 F.3d 610 (9th Cir. 2009).  Under the judicial review provisions of the APA, district courts are authorized to compel agency action unlawfully withheld or unreasonably delayed.  5 U.S.C. § 706(1).  District

courts must also set aside any agency action found to be arbitrary, capricious, an abuse of

discretion, not in accordance with law, or made without observation of required procedures.  5

U.S.C. § 706(2).

## STATEMENT OF FACTS

18.     On July 1, 2014, Northwest Environmental Advocates submitted a FOIA request

for public records to the FOIA officer at the U.S. Department of Agriculture in Washington, D.C.

The request sought records relating to potential and actual contracting, including use of grants,

with The Freshwater Trust and the Willamette Partnership.  Advocates' July 1, 2014 FOIA

request also included a request for a fee waiver.

19.     On July 2, 2014, at the request of USDA, Advocates limited the scope of its FOIA

request to documents and information responsive to the request and dated January 1, 2010 to July

1, 2014.

20.     By letter dated July 17, 2014, USDA acknowledged receipt of Advocates' FOIA

request and stated it was routing the request to various components of USDA, including NRCS,

for response.  By letter dated August 12, 2014 USDA provided Advocates with USDA's final

response to Advocates' FOIA request.  In that letter USDA stated: "Please be advised that your

FOIA request was also routed to the FOIA Officers for REE, FSA, FS, NRCS and RD for

processing and direct response to you.  Accordingly, you will receive a separate response from

those agency components."

21.     By letter dated September 9, 2014, the Oregon office of NRCS acknowledged

receipt of Advocates' FOIA request, provided records responsive to that request, stated that

Advocates would have to file a separate FOIA request for documents held by NRCS

headquarters, and closed the request.

22.     By electronic mail message dated September 25, 2014, Advocates explained to the Oregon office of NRCS that its response to Advocates' FOIA request was incomplete, asked if an appeal would be necessary or if NRCS Oregon would complete the requested disclosures, and asked for suggestions on how to proceed.

23.     By electronic mail message dated September 30, 2014, the National FOIA officer for NRCS informed Advocates it would not need to submit a new FOIA request to obtain records held by NRCS headquarters because the request had already been sent to the USDA FOIA Office.  In that same email that same person stated: "I will ensure that you receive a supplemental response."

24.     Advocates did not receive any responsive records from NRCS between October 1, 2014 and July 1, 2015.

25.     By letter dated July 9, 2015, Advocates informed USDA and NRCS that they were in violation of the FOIA and described past communications between Advocates and the agencies so USDA and NRCS could easily understand the current status of their FOIA response. In its July 2015 letter, Advocates objected to NRCS's failure to produce responsive records or to project any time frame for doing so.  Advocates July 9, 2015 letter to USDA also stated:

> NWEA is not at this time exercising its legal option under the FOIA to file suit to compel compliance with its disclosure requirements. 5 U.S.C. § 552(a)(6)(C). NWEA does not wish to initiate litigation at this point because we feel a cooperative approach is better suited to resolving this situation. Therefore, I continue to offer to assist your office in any way possible to facilitate the prompt release of the requested documents.

> Please let us know if we can help you in your efforts to publicly disclose the important information contained in the requested documents. While we are not resorting to litigation at this time, legal action may be required if a determination is not promptly forthcoming. Should you have any questions whatsoever, please do not hesitate to contact me.

26.     On July 14, 2015, the National FOIA officer for NRCS contacted Advocates in response to Advocates' July 9, 2015 letter to the agencies.

27.     On July 23, 2015, NRCS sent an electronic mail message to Advocates that stated:

> Ms. Bell –
>
> I just wanted to touch base and let you know that I'm currently reviewing documents related to your initial FOIA request. I'm hoping that by next week I can start sending releasable records to you via email.
>
> Thank you.

28.     More than a month later, on August 27, 2015, roughly one year after the submission of Advocates' FOIA request, NRCS sent two electronic mail messages to Advocates with a few records responsive to the request.  One of those electronic mail messages stated:

> Ms. Bell –
>
> Attached are several documents that can be released in full. I am continuing to go through other documents and if it acceptable to you I'll send them in groups like this as I finish my review.

NRCS's August 27 emails did not purport to conclude NRCS's response to Advocates' FOIA request or provide Advocates with appeal rights.

29.     By letter dated January 16, 2017, Advocates again reminded USDA and NRCS that they were in violation of the FOIA for failing to disclose all records responsive to Advocates' FOIA request, for failing to make the determinations required by the FOIA, and for failing to project a time frame for producing the records.  Like Advocates' July 2015 letter, in its January 2017 letter Advocates objected to NRCS's failure to produce responsive records or to project any time frame for doing so.

30.     By electronic mail message dated January 30, 2017, NRCS responded to Advocates January 16, 2017 letter by offering to re-send previously disclosed documents and by offering to disclose any specific documents that Advocates felt were missing from NRCS's response to the FOIA request.  NRCS also disclosed two documents that he believed were responsive to the FOIA request but not previously disclosed.  And NRCS explained that he had conducted "a very thorough examination of the case file" and that he felt NRCS had done its "very best" to respond to Advocates' FOIA request.

31.     By electronic mail message dated February 9, 2017, and sent to the FOIA officers for USDA and NRCS, Advocates repeated its request that the agencies disclose all documents and information subject to Advocates' July 1, 2014 FOIA request; identified categories of documents that Advocates believed existed but that the agencies had not yet disclosed; expressed doubt that NRCS had conducted a thorough search of the applicable files and disclosed all responsive documents; and expressed a willingness to work with the agencies if they provided, within ten days, a complete response to Advocates' FOIA request or a reasonable estimated completion date.

32.     By electronic mail message dated February 10, 2017, NRCS responded to Advocates' February 9 email and again asserted that NRCS had been "very thorough" in its search for records and its response to Advocates' FOIA request.

33.     On February 17, 2017, a representative of Advocates spoke with a representative of NRCS by telephone about Advocates' FOIA request.  During that call Advocates again requested that NRCS provide an estimated completion date for its final response to Advocates' FOIA request.  NRCS stated that NRCS was completely

overwhelmed with work but that the agency would, by February 23, 2017, provide

Advocates with an estimated date for completing its response to the request.

34.     NRCS did not provide Advocates with an estimated completion date by

February 23, 2017.

35.     By electronic mail message dated March 3, 2017, NRCS provided the

following update to Advocates:

> Ms. Bell—
>
> I wanted to follow up on our phone call.
>
> I'm still waiting on the email correspondence search but I do have access to all of
> the records for both CIGs, some of which you already have.
>
> They are quite numerous so I'm not exactly sure how long it will take me to get
> through them.

36.     Subsequently, by electronic mail message dated March 6, 2017, NRCS

disclosed to Advocates two additional records, which were partially redacted, and also

stated, "I am continuing to search for and process additional records."

37.     As of the date this action was filed, the deadline for NRCS to issue a final

determination on Advocates' pending FOIA request had passed.  As of the date this action was

filed, NRCS had not provided Advocates with the determinations required by 5 U.S.C. §

552(a)(6)(A)(i) for Advocates' FOIA request.

38.     As of the date this action was filed, NRCS had failed to provide Advocates with

any written notice setting forth any unusual circumstances that would justify extension of the

deadlines set forth in 5 U.S.C. § 552(a)(6)(A)(i) for Advocates' FOIA request.

39.     As of the date this action was filed, NRCS had not provided sufficient written notice to Advocates of any unusual circumstances that might warrant the actual delay that occurred in responding to Advocates' FOIA request.

40.     As of the date this action was filed, NRCS had failed to make promptly available to Advocates all non-exempt documents that are responsive to Advocates' FOIA request.

41.     As of the date this action was filed, NRCS had failed to provide Advocates with all non-exempt documents that are responsive to Advocates' FOIA request.

42.     NRCS is currently withholding from Advocates non-exempt documents that are responsive to Advocates' FOIA request.

43.     As of the date this action was filed, NRCS had not committed to a date certain by which NRCS would make the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for Advocates' FOIA request.  As of the date this action was filed, NRCS had not provided Advocates with an estimated completion date for Advocates July 1, 2014 FOIA request, as required by 5 U.S.C. § 552(a)(7)(B)(ii).

44.     As of the date this action was filed, NRCS had not committed to a date certain by which NRCS would disclose to Advocates all documents responsive to Advocates' FOIA request.

45.     NRCS could have disclosed all records responsive to Advocates' FOIA request before Advocates filed this lawsuit.

46.     None of FOIA's nine exemptions to mandatory disclosure apply to the documents and information NRCS is currently withholding from Advocates.  As of the date this action was filed, NRCS had constructively denied Advocates' FOIA request.  NRCS has no legal basis for withholding the records that Plaintiff sought via Advocates' FOIA request.

47.     Prior to filing this action Advocates fully exhausted all administrative remedies required by the FOIA.  5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

48.     Advocates has been required to expend costs and to obtain the services of a law firm to prosecute this action.

49.     In NRCS's communications with Advocates, NRCS did not commit to a date certain by which it would provide Advocates with all documents responsive to Advocates' FOIA request.

50.     The filing of this lawsuit was necessary to compel NRCS to disclose all documents that are responsive to Advocates' FOIA request.

51.     The filing of this lawsuit was necessary to compel NRCS to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i) for Advocates' FOIA request.

52.     The filing of this lawsuit was necessary to compel NRCS to provide a written deadline by which it would make the determination required by 5 U.S.C. § 552(a)(6)(A)(i) for all documents responsive to Advocates' FOIA request.

53.     Advocates' claims for relief in this Complaint are not insubstantial.

54.     No exceptional circumstances exist that would allow this Court to allow NRCS more time to review and disclose requested records.  NRCS has not exercised due diligence in responding to Advocates' request.  The delays at issue in this case result from a predictable agency workload of FOIA requests.  NRCS has not made reasonable progress in reducing its backlog of pending requests.

55.     The circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholdings at issue in this case.

56.     Based on the nature of Advocates' professional activities, Advocates will continue to employ FOIA's provisions in information requests to the NRCS in the foreseeable future.  Advocates' professional activities will be adversely affected if NRCS is allowed to continue violating FOIA's disclosure provisions.  Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, NRCS will continue to violate the rights of Plaintiff to receive public records under the FOIA.

## CAUSES OF ACTION

### COUNT I

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT
IN RESPONDING TO PLAINTIFF'S JULY 1, 2014 FOIA REQUEST:
VIOLATION OF DECISION DEADLINES IN THE FOIA

57.     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs.

58.     Plaintiff has a statutory right to have Defendant process its FOIA requests in a manner that complies with FOIA.  Plaintiff's rights in this regard were violated when Defendant unlawfully delayed its response to Plaintiff's July 1, 2014 FOIA request beyond the deadlines imposed by the FOIA.

59.     NRCS violated and is violating the FOIA by failing to make a decision to disclose or withhold documents and information subject to Plaintiff's July 1, 2014 FOIA request by the deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

60.     NRCS violated and is violating the FOIA by failing to make the records subject to Advocates' July 1, 2014 FOIA request promptly available to Plaintiff.

61.     Each and every allegation in this Count is a separate violation of the FOIA for which this Court can provide relief to Plaintiff under the FOIA.

62.     NRCS's violations of the FOIA with respect to its response to Plaintiff's July 1, 2014 FOIA Request entitle Plaintiff to an award of reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## COUNT 2

### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### IN RESPONDING TO PLAINTIFF'S JULY 1, 2014 FOIA REQUEST:
### UNLAWFUL CONSTRUCTIVE DENIAL/UNLAWFUL WITHHOLDING

63.     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs.

64.     Plaintiff has a statutory right to the records it seeks.  There is no legal basis for Defendant to assert that any of FOIA's nine disclosure exemptions apply to the records Defendant has that are responsive to Plaintiff's July 1, 2014 FOIA request.

65.     Defendant has violated and is violating Plaintiff's rights by unlawfully withholding information responsive to Plaintiff's July 1, 2014 FOIA request in violation of the FOIA.  Defendant's actions in response to Plaintiff's July 1, 2014 FOIA request constitute a constructive and unlawful denial of Plaintiff's FOIA request.

66.     NRCS's violations of the FOIA with respect to its response to Plaintiff's July 1, 2014 request entitle Plaintiff to an award of reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E)

## COUNT 3

### VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:
### IMPROPER REFUSAL TO RESPOND TO ADVOCATES' FOIA REQUEST AND INSTEAD
### REQUIRE ADVOCATES TO FILE A NEW FOIA REQUEST

67.     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs.

68.     Plaintiff has a statutory right to have Defendant properly process its information request as required by FOIA.  There is no legal basis for Defendant to refuse to fully process Advocates' FOIA request merely because some responsive documents are located in Defendant's headquarters instead of the office to which Plaintiff first sent its request.  5 U.S.C. § 552(a)(6)(A)(ii).

69.     Defendant violated Plaintiff's rights by unlawfully refusing to completely process Advocates' FOIA Request and instead demanding that Advocates submit a new FOIA request to Defendant's headquarters.  Defendant's actions in response to Advocates' FOIA request constitute a constructive and unlawful denial of the request.

70.     NRCS's violations of the FOIA with respect to its response to Advocates' FOIA Request entitle Plaintiff to an award of reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

COUNT 4

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:<br>FAILURE TO COMPLY WITH 5 U.S.C. § 552(a)(7)(B)(ii)

(Failure to Provide an Estimated Completion Date)

71.     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs.

72.     Pursuant to 5 U.S.C. § 552(a)(7)(B)(ii), "Each agency shall . . . establish a phone line or Internet service that provides information about the status of a request to the person making the request . . . including . . . an estimated date on which the agency will complete action on the request."

73.     Plaintiff repeatedly asked NRCS for an estimated date of completion for Advocates' July 1, 2014 FOIA request.

74.     Defendant NRCS violated the FOIA by failing to provide Advocates with an estimated date of completion for Advocates' July 1, 2014 FOIA request.

75.     Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

COUNT 5

**(In the alternative to Counts 1 through 4)**

VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT:<br>FAILING TO COMPLY WITH THE FOIA IN RESPONDING TO<br>PLAINTIFF'S JULY 1, 2014 FOIA REQUEST

76.     Plaintiff hereby incorporates by reference all of the preceding paragraphs.

77.     NRCS violated the FOIA:  (a) by failing to determine, within the time period set forth in 5 U.S.C. § 552(a)(6)(A)(i), whether the documents and information subject to Advocates' FOIA request are exempt from disclosure; (b) by failing to promptly disclose documents and information requested by Advocates and subject to the FOIA; (c) by refusing to completely process Advocates' FOIA request and instead demanding that Advocates submit a new FOIA request to Defendant's headquarters; and (d) by refusing to provide Plaintiff an estimated completion date as required by FOIA.

78.     Each and every allegation in this Count 5 is a separate violation of the FOIA for which this Court can provide relief to Plaintiff under the APA.  Making the determination required by 5 U.S.C. § 552(a)(6)(A)(i), providing Advocates with an estimated completion date, and making responsive documents promptly available to Plaintiff are all final agency actions unlawfully withheld or unreasonably delayed that can be compelled under the APA, 5 U.S.C. § 706(1).

79.     Alternatively, NRCS's decisions not to make the determination required by 5

U.S.C. § 552(a)(6)(A)(i), not to provide plaintiff with the determination required by 5 U.S.C. §

552(a)(6)(A)(i), not to make responsive documents promptly available to Plaintiff, not to provide

Plaintiff with the records subject to Advocates' FOIA Request, to inform Plaintiff that it must

submit additional FOIA requests, and not to provide an estimated completion date are final

agency actions that are arbitrary, capricious, an abuse of discretion, not based on substantial

evidence in the record, not in accordance with the law, or otherwise in violation of the APA,

5 U.S.C. § 706(2), because among other things those actions do not comply with the FOIA or the

Advocates' regulations or policies.

80.     Plaintiff is entitled to relief under the APA and to costs of litigation and

reasonable attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court:

A.     Adjudge and declare that NRCS has violated the FOIA for the reasons set forth

above;

B.     Order NRCS to comply immediately with the FOIA by providing Advocates with

the required determinations, an estimated completion date, and all non-exempt public records

subject to Plaintiff's July 1, 2014 FOIA request;

C.     Declare that Advocates is the prevailing party and/or substantially prevailing

party in this matter; that the position of the government in this action was not substantially

justified; and that there are no special circumstances that make an award of costs and reasonable

attorneys' fees to Advocates unjust;

D.     Award Advocates its reasonable attorneys' fees and litigation costs pursuant to 5

U.S.C. § 552(a)(4)(E) and/or award Advocates its reasonable fees, expenses, costs, and

disbursements, including attorneys' fees associated with this litigation, under the Equal Access to Justice Act, 28 U.S.C. § 2412;

      E.     Grant plaintiff such further and additional relief as the Court may deem just and proper.

      Respectfully submitted this 6th day of March 2017.

*s/David Bahr*
DAVID BAHR (D.D.C. Bar #OR0001
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR 97402
(541) 556-6439 Voice
davebahr@mindspring.com

*s/Paul Kampmeier*
PAUL KAMPMEIER (WSBA #31560)
   *Pro hac vice* application forthcoming
Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104-2245
(206) 223-4088 x 4
paul@kampmeierknutsen.com

*Attorneys for Plaintiff*