UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES,<br><br>Plaintiff,<br><br>v.<br><br>U.S. NATURAL RESOURCES CONSERVATION SERVICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. 17-403<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

Word to the wise: When arguing you haven't overlitigated a case, don't waste a quarter of your brief explicating what your opponent conceded months earlier. When arguing you've reasonably litigated fees-on-fees, don't file a mostly nonresponsive reply five pages longer than your opening brief and six pages longer than your opponent's response. And when arguing your fees and costs were necessary, don't charge over $1500 for another attorney to review your request and opine on its reasonableness. The Court does that for free.

In this FOIA case seeking records regarding the Department of Agriculture's contracts with conservation groups, the Court must determine the fee award amount. Both parties agree counsel for Northwest Environmental Advocates, Paul Kampmeier and David Bahr, are entitled to fees and should be paid under the USAO Matrix. After doggedly pursuing the responsive records for two-and-a-half years, Kampmeier and Bahr seek payment for 212.2 hours and related costs, totaling $114,300.48. The government—whose piecemeal productions protracted this case—contends Kampmeier and Bahr's overlitigation inflated this amount.

Ultimately, the government's recalcitrance explains why this case took longer—and will cost the government more—than typical FOIA litigation. Northwest submitted its original FOIA request two-and-a-half years before it filed its complaint. That first request led to an initial disclosure of nine documents and a promise to supplement. After ten months of radio silence, Northwest sent a reminder letter, yielding nine more documents. A year and a half later, a second reminder letter, several emails, and a phone call returned four more documents and a promise to keep searching. Frustrated by the slow drip of records, Northwest filed this complaint, prompting the government to disclose 3370 pages of documents within two months. Yet it would take eight more months, fifteen demand letters, and six joint status reports for Northwest to receive a final *Vaughn* index, nearly five months after this Court's deadline. And three more months of litigation over the claimed disclosures returned 148 more documents. Kampmeier and Bahr sheparded this case through these productions with admirable diligence.

But the Court agrees with the government that several aspects of Kampmeier and Bahr's fee request are unreasonable: the pre-complaint work on administrative-level remedies; the hours spent on a needlessly complicated and mostly frivolous complaint; and much of the fees-on-fees request. Yet the government forwent particularized objections to Kampmeier and Bahr's request, opting instead to air more abstract grievances. So although it would have liked to seriously consider the government's more specific views, the Court is left to apply the following general exclusions and reductions:

**1.** Kampmeier would have the government start paying him fourteen months before Northwest filed its complaint. Kampmeier's request includes 2.9 hours of communicating with his client in January and February 2016, followed by months of silence and a July 2016 phone call regarding "the possibility of filing case soon." ECF No. 32-3 at 2. The next activity came six

months later—"Call with client re: moving case"—and touched off 9.3 hours over two months leading to the actual complaint in March 2017. The government must pay something for these 9.3 hours, as well as 3.4 hours Kampmeier spent "draft[ing the] complaint" in 2016, but not the 2.9 hours he spent divorced from the actual litigation over a year before filing the complaint[1] (much of which—e.g., "Call to [Bahr] re: co-counseling case"—he does again in the 9.3 hours). *See also Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 237 (D.D.C. 2011) (citing *Nw. Coal. for Alts. to Pesticides v. Browner*, 965 F. Supp. 59, 65-66 (D.D.C. 1997)) (declining to reimburse work performed prior to filing a FOIA complaint).

**2.** Of the 10.5 combined hours Kampmeier ($8.3^2$) and Bahr ($2.2^3$) spent on the initial and amended complaints, they may only recover 50%. Though both attorneys claim extensive FOIA experience, they managed to spend over three workdays stretching their straightforward case into a bloated, eighty-five-paragraph recitation of six different claims—five obviously meritless. The government need not pay for their profligacy. *See also Elec. Privacy Info. Ctr. v. Fed. Bureau of Investigation*, 80 F. Supp. 3d 149, 158 (D.D.C. 2015) (applying a discretionary reduction to "inefficien[t] and redundan[t]" hours spent preparing a complaint).

**3.** Nor must the government pay for all 107.8 hours—just under $60,000—Kampmeier and Bahr seek for fees-on-fees.

**3a.** First, Kampmeier and Bahr seek reimbursement for failed negotiations leading to this motion. Though attempting to resolve fee disputes without judicial intervention is laudable, Kampmeier and Bahr's initial demand letter—seeking hourly rates well above the USAO matrix—seems intended to precipitate litigation and keep the fee-clock running. Mark Twain

---

[1] On page 1 of Kampmeier's initial timesheet [32-3], Entries 1, 2, and 4-11, as well as 0.2 hours of entry 3.
[2] On page 1 of Kampmeier's initial timesheet [32-3], 3.4 hours of entry 3; on page 2, entries 5-7 and 9, as well as 0.6 hours of entry 2 and 2.8 hours of entry 3.
[3] Entry 2 on page 1 of Bahr's timesheet [33-1]; entries 1 and 8 on page 2; entry 1 on page 3.

may have called it "sound judgment to put on a bold face and play your hand for a hundred times what it is worth," Mark Twain, *A Connecticut Yankee in King Arthur's Court* 378 (Harper & Bros. Publishers 1901) (1889), but the government shouldn't have to bankroll Kampmeier and Bahr's failed gamble. Nor will the Court incentivize such hardline tactics on the public's dime. Kampmeier and Bahr cannot recover the 7.5 hours[4] spent drafting and editing their initial demand letter. *See also Elec. Privacy Info. Ctr. v. Nat'l Sec. Agency*, 87 F. Supp. 3d 332, 236 (D.D.C. 2015) (declining to reimburse plaintiff's counsel for failed negotiations "designed to give the appearance of progress in negotiations to the Court, thereby forestalling the setting of a briefing schedule and prolonging this litigation" since "[s]uch practices . . . increas[e] the costs to all parties involved and discourag[e] negotiation in favor of submitting disputes for judicial resolution").

**3b.** Kampmeier and Bahr also seek 52.2 hours[5] for preparing their fee motion and accompanying declarations. But they spent a quarter of that motion arguing to the hilt their fee eligibility and entitlement—even though the government conceded it months earlier. Yet another quarter merely summarizes in sentence-form what they present in their timesheets, punctuating each summary with a boilerplate assurance that it "is reasonable and so compensable." *See, e.g.*, ECF No. 31 at 10, 11, 12, 13, 14. And the accompanying declarations from Nina Bell and Richard Smith are superfluous. So counsel can get only 50% of this request. *See also Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.*, 197 F. Supp. 3d 290, 296-97 (D.D.C. 2016)

---

[4] On page 9 of Kampmeier's initial timesheet [32-3], 0.8 hours of entry 10, 2.3 hours of entry 11, and all of entry 12; on page 10, entries 1 and 2. On page 6 of Bahr's timesheet [33-1], entries 3, 4, and 6.

[5] On page 10 of Kampmeier's initial timesheet [32-3], entries 12, 15, 16; on page 11, entries 1, 2, 3, 5, 7, 10, and 11, as well as .3 hours of entry 8 and 1.9 hours of entry 9; on page 12, entries 1, 3, and 4, as well as 4.7 hours of entry 2 and 1.4 hours of entry 5; on page 13, entry 1 and 4.5 hours of entry 2. On page 7 of Bahr's timesheet [33-1], entries 4-9; on page 8, entries 2 and 8.

4

(applying a general discount to fees inflated through overlitigation according to the brief's approximate content distribution).

**3c.** Most breathtakingly, Kampmeier and Bahr request 3.4 hours[6] plus $500 in costs[7] for a completely unnecessary "expert" opinion declaring their fee request was reasonable. But since only the Court's opinion matters, the government need not reimburse plaintiff's counsel for this waste of money. *See also Coffey v. Bureau of Land Mgmt.*, 316 F. Supp. 3d 168, 173 (D.D.C. 2018) ("Paying another attorney to review Plaintiff's attorneys' records for reasonableness is an unnecessary use of funds and one the Court will not recompense.").

**3d.** In a parting blow, Kampmeier asks for 33.6 hours[8] (over $18,000) spent preparing a twenty-three-page reply brief, even though only eleven pages actually respond to the government's opposition. Roughly a third of the brief can be excised outright—the three pages spent rehashing the opening brief, and the five pages spent objecting to the government's tone. Thus the Court will award just 60% of this request (still close to three full days of work). *Cf. Thompson v. U.S. Dep't of Justice, Criminal Div.*, 146 F. Supp. 3d 72, 88 (D.D.C. 2015) ("To the extent that any moving party does chose to avail itself of the option of filing a reply . . . it would do well to use such brief to aid the Court in its decisionmaking process, rather than wasting its time with redundant and non-responsive argumentation.").

---

[6] On page 10 of Kampmeier's initial timesheet [32-3], entries 11, 13, and 14; on page 11, entry 4, 0.7 hours of entry 8 and 0.5 hours of entry 9; on page 12, 0.2 hours of entry 2 and 0.8 hours of entry 5; on page 13, 0.2 hours of entry 2.
[7] Entry 3 on page 13 of Kampmeier's initial timesheet [32-3].
[8] *See* ECF No. 41-1.

\* \* \*

After making these adjustments, the Court **GRANTS** Northwest's motion [31] for costs and fees and **ORDERS** the U.S. Natural Resources Conservation Service to pay Northwest $82,469.64.

Date: November 19, 2018

*Royce C. Lamberth*
Royce C. Lamberth
United States District Judge